IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Arthur Jones, Jr., | ) Case No.: 6:25-cv-05209-JD-KFM |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| M.V. Joseph, and A. Bullard, | ) |
| Defendants. | ) |

This matter is before the Court on the Report and Recommendation ("Report") of the United States Magistrate Judge Kevin F. McDonald (DE 10) recommending denial of Plaintiff's motion for a preliminary injunction (DE 4).[1] Plaintiff filed objections on July 28, 2025 (DE 15). Although the objections were submitted outside the fourteen-day period contemplated by 28 U.S.C. § 636(b)(1), the Court has considered them.

The Court has conducted a de novo review of the portions of the Report to which Plaintiff has objected, the record, and applicable law.

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I. BACKGROUND

### A. Factual Background

The Report sets forth the factual allegations and legal framework in detail, and the Court adopts that discussion by reference. (DE 10.) In brief, Plaintiff, a federal inmate at FCI Bennettsville, brings claims under *Bivens* and the Federal Tort Claims Act ("FTCA") alleging unconstitutional conditions of confinement arising from exposure to mold and flooding. Plaintiff sought a preliminary injunction compelling what he characterizes as improved conditions or remedial action. The Magistrate Judge recommended denial of that motion.

Plaintiff objects to the Report on several grounds, including (1) alleged delay and interference by prison staff in delivering the Report; (2) disagreement with the conclusion that his *Bivens* claims are not likely to succeed; (3) reliance on other district-court cases involving mold-exposure claims; and (4) disagreement with the finding that he has not shown a likelihood of success on the merits under the *Winter* standard.

### B. Report And Recommendation

On July 1, 2025, the Magistrate Judge filed the Report (DE 10.) The Report concluded that Plaintiff failed to satisfy the *Winter* factors required for extraordinary injunctive relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). (To obtain a preliminary injunction, a plaintiff must establish: (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent preliminary relief; (3) that the

2

balance of equities favors the movant; and (4) that an injunction is in the public interest.)

Specifically, the Magistrate Judge found that Plaintiff had not demonstrated a likelihood of success on the merits of his underlying claims.

First, the Report explained that Plaintiff's *Bivens* claims are unlikely to succeed because the Supreme Court and the Fourth Circuit have declined to extend *Bivens* to Eighth Amendment conditions-of-confinement claims of the type asserted here. The Report relied on controlling circuit authority, including *Tate v. Harmon*, holding that such claims fall outside the narrow contexts in which *Bivens* remains available. (DE 10 at 2–3.)

Second, the Report determined that Plaintiff cannot show a likelihood of success on any FTCA theory because he has not named the United States as the proper defendant, and his administrative claim, filed on March 3, 2025, remains pending and cannot be deemed denied for six months. (DE 10 at 3.)

The Report further noted that, even accepting Plaintiff's allegations of ongoing symptoms from mold exposure, he acknowledged receiving some medical attention, though not the treatment he preferred. Because Plaintiff must make a clear showing of likely success before the Court evaluates the remaining *Winter* factors, the Report concluded that his motion fails at the first element and therefore cannot succeed. The Report also observed that federal courts lack authority to order inmate transfers or institutional modifications of the type Plaintiff seeks, as such matters fall within the Bureau of Prisons' statutory discretion.

## II. LEGAL STANDARD

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## III. OBJECTIONS

### A. Timeliness and Mail-Related Allegations

Plaintiff asserts that the Report was delayed and improperly handled by prison staff. These allegations, even if true, do not alter the substance of the Magistrate Judge's analysis. Because the Court has accepted and considered the objections in full, no prejudice results from any alleged delay. The timeliness issue, therefore, does not affect the outcome.

### B. Likelihood of Success on Plaintiff's *Bivens* Claims

The Magistrate Judge correctly determined that Plaintiff has not shown a likelihood of success on the merits of his *Bivens* claims. As Fourth Circuit precedent

4

makes clear, the conditions-of-confinement claim asserted here arises in a new *Bivens* context, and the Court of Appeals has held that such claims do not support an implied damages remedy. *Tate v. Harmon*, 54 F.4th 839, 843–46 (4th Cir. 2022). Although *Tate* addressed only the availability of a damages remedy and did not limit the Court's authority to consider prospective equitable relief, the decision nonetheless forecloses Plaintiff's likelihood of success on the *Bivens* theory he pleads. Because Plaintiff has not demonstrated a viable underlying constitutional cause of action for damages under existing precedent, the Magistrate Judge correctly concluded that the first *Winter* requirement is not met.

### C.    Likelihood of Success on Plaintiff's FTCA Theory

Plaintiff concedes that he filed his administrative FTCA claim on March 3, 2025, and has not yet received a response. Under 28 U.S.C. § 2675(a), the claim may not proceed until six months have passed or the agency formally denies it. Accordingly, as the Report correctly notes, Plaintiff cannot show a likelihood of success on an FTCA claim at this stage. (DE 10 at 3.)

### D.    Plaintiff's Reliance on Mold-Exposure and Medical-Treatment Cases

Plaintiff cites several cases in which courts allowed claims involving mold exposure or alleged deliberate indifference to proceed. Those cases are not determinative here. None extends *Bivens* to conditions-of-confinement claims in this circuit. Moreover, the issue before the Court is not whether Plaintiff has stated a claim, but whether he has made the "clear showing" required under *Winter* to justify preliminary injunctive relief.

5

Plaintiff has not demonstrated that he is likely to succeed on the merits, which alone requires denial of preliminary relief. *See Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346–47 (4th Cir. 2009).

## E.    Irreparable Harm and Remaining *Winter* Factors

Because Plaintiff has not shown a likelihood of success on the merits, the Court need not reach the remaining *Winter* factors. The Court notes, however, that Plaintiff acknowledges receiving medical attention for the symptoms he attributes to mold exposure, even if the treatment does not satisfy his preferences. That acknowledgment does not establish the immediate and certain threat of irreparable harm necessary for preliminary injunctive relief.

Further, although the Report cited *Bulger v. Hurwitz*, 62 F.4th 127 (4th Cir. 2023), for the proposition that federal courts lack authority to direct inmate placement or compel institutional modifications, *Bulger* addressed the discretionary-function exception under the FTCA and did not speak to the scope of equitable authority. Nevertheless, even under the correct legal framework, the relief Plaintiff seeks—operational and environmental changes within a federal correctional facility—implicates areas committed by statute to the Bureau of Prisons' discretion and is not appropriately ordered in the context of a preliminary injunction. This limitation, combined with Plaintiff's failure to satisfy the threshold *Winter* requirement, supports denial of the requested relief.

## IV.     CONCLUSION

After careful review of the Report, Plaintiff's objections, and the record, the Court finds no error in the Magistrate Judge's analysis. Plaintiff has not carried his burden under *Winter*, and the objections do not undermine the reasoning or conclusion of the Report.

Accordingly, Plaintiff's objections (DE 15) are **OVERRULED**, the Report and Recommendation (DE 10) is **ACCEPTED**, and Plaintiff's motion for a preliminary injunction (DE 4) is **DENIED**.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 20, 2025


## NOTICE OF RIGHT TO APPEAL

The parties are advised that they may appeal this Order within sixty (60) days pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.