**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Arthur Jones, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>M.V. Joseph; A. Bullard; and United States of America,<br><br>Defendants. | C/A No. 6:25-cv-05209-JD-KFM<br><br><br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald (DE 47), which recommends dismissal of the amended complaint without issuance and service of process, and Plaintiff Arthur Jones, Jr.'s objections (DE 49). Having considered the objections and independently reviewed the relevant record, the Court adopts the Report in part and modifies it in part for the reasons that follow.

## I. BACKGROUND

Plaintiff Arthur Jones, Jr., proceeding pro se and in forma pauperis, brought this action while confined at FCI Bennettsville. He alleges that exposure to mold and recurring water intrusion caused headaches, respiratory and other symptoms, and emotional distress. He alleges that Warden M.V. Joseph and Case Manager A. Bullard were aware of the conditions but did not afford the relief he requested. Plaintiff seeks compensatory and punitive damages, declaratory relief, and an injunction concerning the conditions of his former confinement. (DE 34; DE 34-1 at 2–7.) The Court accepts the well-pleaded factual allegations as true for purposes of

screening; it makes no finding concerning whether mold exposure or resulting injuries actually occurred.

Plaintiff filed his original complaint on June 10, 2025, naming Joseph and Bullard. The court-supplied form indicates a claim against federal officials under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (DE 1 at 1, 4.) The attached handwritten complaint also stated: "Plaintiff Jones's Federal Tort Claims Act Claims are authorized by 28 U.S.C. Section 1346." (DE 1-1 at 1, para. 1.) It identified an FTCA administrative claim presented to the Bureau of Prisons ("BOP") on March 3, 2025. (*Id.* at 6, para. 30.)

The BOP denied that administrative tort claim in writing on August 8, 2025. The denial characterized the claim as alleging that staff negligently failed to provide safe living conditions due to mold and recited a $50,000 demand. (DE 27-1 at 1–2.) Plaintiff thereafter moved to add the United States as the proper defendant for the FTCA theory. (DE 27 at 1.) That motion was denied (DE 32), but Plaintiff subsequently filed the amended complaint now before the Court on October 2, 2025. (DE 34; DE 34-1.) The amended pleading names the United States and repeats both the original express FTCA invocation and the same administrative-claim allegation. (DE 34-1 at 1, para. 1, and 6, para. 30.)

On November 20, 2025, the Court denied Plaintiff's earlier motion for preliminary injunctive relief. (DE 40.) On December 30, 2025, the Magistrate Judge recommended dismissing the action with prejudice and without service. (DE 47.) Plaintiff filed objections (DE 49), challenging the *Bivens* analysis, FTCA exhaustion, the discretionary-function exception, the proposed prejudice determination, and the

treatment of his factual allegations. Plaintiff has since reported a transfer to FCI Loretto and requested an update on the case. (DE 51, 54.)

## II. STANDARD OF REVIEW

The Magistrate Judge's recommendation carries no presumptive weight, and the Court remains responsible for the final determination. 28 U.S.C. § 636(b)(1). The Court reviews de novo the portions to which specific objection is made and may accept, reject, or modify the recommendation without recommitting the matter. *Id.*; *Elijah v. Dunbar*, 66 F.4th 454, 459-61 (4th Cir. 2023). Because Plaintiff proceeds pro se, the Court construes the pleadings and objections liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The screening statutes nevertheless require dismissal of claims that fail to state a claim or seek damages from immune defendants. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The Court has independently reviewed DE 1, DE 1-1, DE 27, DE 27-1, DE 34, DE 34-1, DE 40, DE 47, DE 49, and the docket.

## III. DISCUSSION

### A. FTCA exhaustion and the effect of the amended complaint

The FTCA waives sovereign immunity only under specified conditions. An FTCA action may not be instituted until the claimant has presented the claim to the appropriate federal agency and received a written denial, or until six months have passed without final disposition. 28 U.S.C. § 2675(a). A properly presented claim also must identify the amount of money sought; § 2675(b) governs the amount recoverable in a later action. The statutory presentment and exhaustion prerequisites are jurisdictional in this Circuit. *See Estate of Van Emburgh v. United States*, 95 F.4th

795, 800–02 (4th Cir. 2024). The United States, not an individual federal employee, is the proper defendant to an FTCA claim. *See Hui v. Castaneda*, 559 U.S. 799, 802 (2010); 28 U.S.C. § 2679(b)(1).

Under *McNeil v. United States*, 508 U.S. 106, 111-13 (1993), a claimant cannot institute an FTCA action before administrative exhaustion and then cure that premature institution merely by waiting for the agency to act while the suit remains pending. The relevant question is, therefore, whether Plaintiff's June 2025 pleading already asserted the FTCA claim later advanced against the United States, or whether the October amendment introduced a genuinely new claim after exhaustion.

Although the original form named only Joseph and Bullard and selected the *Bivens* category, the handwritten pleading expressly identified "Federal Tort Claims Act Claims" as authorized by 28 U.S.C. § 1346. (DE 1-1 ¶ 1.) It also alleged that Jones had filed an FTCA administrative claim on March 3, 2025. (*Id.* ¶ 30.) The complaint sought compensatory damages for the same mold-related injuries. (*Id.* ¶ 39.) On June 10, 2025, the agency had not denied the administrative claim, and six months had not elapsed since its March 3 submission. The BOP did not issue its written denial until August 8, 2025. (DE 27-1 at 1–2.)

The amended pleading does not allege a different episode or a distinct underlying FTCA claim arising after administrative exhaustion. Instead, it repeats the FTCA invocation, the administrative-claim allegation, and materially the same mold-related facts. (Compare DE 1-1 ¶¶ 1, 30–35 with DE 34-1 ¶¶ 1, 30–35.) Jones's intervening motion explained that he wanted to add the United States as the proper FTCA defendant. (DE 27 at 1.) This supports construing the amendment as an

attempt to correct the defendant for an FTCA theory previously invoked, rather than as the first assertion of a newly exhausted claim.

The Court has considered the contrary construction. In *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855–57 (9th Cir. 2011), the Ninth Circuit permitted an FTCA claim first pleaded after exhaustion in an action whose original complaint neither named the United States nor asserted an FTCA cause of action. The court distinguished a suit in which a claimant had already invoked the FTCA before exhaustion. *Id.* at 856–57 & n.1. Here, the United States was not named initially, and Jones's "Legal Claims" section described Eighth Amendment violations rather than a separately labeled negligence count. (DE 1-1 ¶¶ 31–35.) Those features favor treating the October pleading as the first FTCA claim. But the original complaint also expressly sought judicial relief under the FTCA for the same injury, and the subsequent amendment repeated that assertion. Similarly, *Carter v. Cabell*, 185 F.4th 467, 475–78 & n.6 (4th Cir. 2026), permits newly exhausted claims to be added in an amended complaint under the Prison Litigation Reform Act, but does not decide the FTCA's jurisdictional prerequisites and cautions that adding defendants alone does not make a preexisting claim new. *See also Kellom v. Quinn*, 86 F.4th 288, 292–93 (6th Cir. 2023) (distinguishing an FTCA claim first added after exhaustion from one repeated after premature institution). Although *Kellom* treated § 2675(a) as a nonjurisdictional claim-processing rule under Sixth Circuit precedent, the contrary jurisdictional characterization in *Estate of Van Emburgh* governs in this Circuit.

Considering the pleadings in their entirety and construing the initial express invocation of FTCA relief according to its terms, the Court concludes that Plaintiff instituted this FTCA claim prematurely in June 2025. The August administrative denial and October amendment do not cure that defect. *See McNeil*, 508 U.S. at 111-13. The FTCA claim against the United States, therefore, must be dismissed for want of subject matter jurisdiction. This conclusion rests on the timing of the pleaded FTCA claim, not on a finding that the BOP acted reasonably, that the alleged unsafe conditions did not exist, or that an independently pleaded negligence claim would necessarily fail on its merits.

The Court does not adopt the Report's alternative analysis of the discretionary-function exception, 28 U.S.C. § 2680(a), or decide whether the pleading sufficiently presents an independent South Carolina negligence claim. The agency's denial describes housekeeping and sanitation practices (DE 27-1 at 1–2), but the record does not provide the underlying directives needed to determine whether the particular challenged omissions were governed by mandatory operational instructions or involved protected policy judgments. *See Rich v. United States*, 811 F.3d 140, 145–48 (4th Cir. 2015); *see also Sanders v. United States*, 937 F.3d 316, 327–31 (4th Cir. 2019). Nor is it necessary to decide the asserted constitutional limitation on the exception. *See Medina v. United States*, 259 F.3d 220, 225 (4th Cir. 2001). The Court rests its FTCA dismissal solely on the § 2675(a) timing defect and does not reach the alternative grounds. Objections III and IV are resolved on that narrower basis.

### B. Claims for *Bivens* damages

Plaintiff contends that exposure to toxic mold and flooding, combined with the alleged indifference of Joseph and Bullard, comes within the Eighth Amendment damages remedy recognized in *Carlson v. Green*, 446 U.S. 14 (1980). The Court recognizes that sufficiently serious environmental conditions may present constitutional concerns. *See Helling v. McKinney*, 509 U.S. 25, 33-35 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). But recognizing a substantive right is different from allowing a private damages action against federal officers under *Bivens*.

Controlling precedent forecloses the proposed extension. In *Tate v. Harmon*, 54 F.4th 839, 843–47 (4th Cir. 2022), the Fourth Circuit refused to recognize a *Bivens* remedy for prison conditions, including allegations of a mold-covered cell. The Fourth Circuit has also explained that *Farmer* did not itself establish an additional *Bivens* context and that a failure-to-protect theory is materially different from the medical-treatment claim approved in *Carlson*. *Bulger v. Hurwitz*, 62 F.4th 127, 138–39 (4th Cir. 2023). More recently, *Goldey v. Fields*, 606 U.S. 942, 944–45 (2025), declined to extend *Bivens* to another Eighth Amendment context involving prison officials. Jones's claim concerns institutional mold and flooding, inadequate remediation, and rejected transfer requests. He does not plausibly allege that Joseph or Bullard themselves withheld necessary medical treatment of the kind addressed in *Carlson*. The amended pleading states that Nurse Brock evaluated his symptoms and recommended treatment, although Jones contends that the measures did not adequately resolve his complaints. (DE 34-1 ¶¶ 20–22.)

Accordingly, the Court overrules Objections I and II. The Eighth Amendment conditions-of-confinement damages claims against Joseph and Bullard are dismissed with prejudice because no implied cause of action exists under these facts and additional allegations concerning severity would not change the governing new-context analysis. This ruling does not determine whether the alleged conditions were constitutionally permissible.

**C. Prospective relief**

The amended complaint requests a declaration that Defendants' past acts violated his rights and an injunction requiring Joseph and Bullard to stop subjecting him to the challenged conditions at FCI Bennettsville. (DE 34-1 ¶¶ 37–38.) Jones has since told the Court that he was transferred to FCI Loretto, Pennsylvania. (DE 51.) A prisoner's transfer ordinarily moots institution-specific injunctive relief absent a nonspeculative likelihood of return to the challenged conditions. *See Rendelman v. Rouse*, 569 F.3d 182, 186–87 (4th Cir. 2009). No such likelihood is alleged here. The separate request for a declaration concerning completed conduct would not independently afford effective prospective relief or resolve an ongoing controversy after Jones's transfer. *See Green v. Mansour*, 474 U.S. 64, 72–73 (1985) (rejecting a declaration of past illegality where it would not affect the parties' present or future rights). Accordingly, the Bennettsville-specific injunction request is dismissed as moot, and the retrospective declaratory request is dismissed for lack of an independent live controversy, both without prejudice. These dispositions do not themselves adjudicate whether damages are available for past conduct; the damages theories are resolved separately above.

**D. Prejudice, further amendment, and remaining matters**

The Report recommends dismissing the entire action with prejudice. That is not appropriate insofar as the Court lacks subject matter jurisdiction. A court without jurisdiction cannot adjudicate a claim on its merits. *See Southern Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013). The FTCA claim and the requests for prospective and retrospective equitable relief are, therefore, dismissed without prejudice on the distinct grounds explained above. The Court does not decide whether a later-filed FTCA action would be timely under 28 U.S.C. § 2401(b) or whether equitable tolling might be available. *See United States v. Wong*, 575 U.S. 402, 420 (2015). Simply repeating the same prematurely instituted FTCA claim in another amendment to this action would not overcome *McNeil*.

Plaintiff's objections challenging the sufficiency of his allegations have received de novo and liberal review. Insofar as Objection V challenges a jurisdictional dismissal with prejudice, it is sustained; otherwise, the objections do not alter the disposition. Plaintiff's requests for leave to amend do not identify a potential amendment that would create a cognizable *Bivens* damages remedy or cure the pre-institution FTCA timing defect in this existing action. The Court thus declines to grant further leave to amend in this action.

Finally, the Court grants Plaintiff's request for an update (DE 54) to the extent that the Clerk is directed to mail him a copy of this Order and the current docket sheet at the FCI Loretto address reflected in DE 51. No determination is made

concerning whether any dismissal constitutes a strike under 28 U.S.C. § 1915(g). *See Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023).

## IV. CONCLUSION

For the foregoing reasons, after de novo review, the Court **ADOPTS IN PART and MODIFIES IN PART** the Report and Recommendation (DE 47). The Court **OVERRULES** Plaintiff's objections (DE 49), except that Objection V is **SUSTAINED** insofar as it challenges dismissal with prejudice of claims over which the Court lacks subject matter jurisdiction.

Plaintiff's *Bivens* damages claims against Joseph and Bullard are **DISMISSED WITH PREJUDICE** for failure to state a cognizable implied damages cause of action. The FTCA claim against the United States is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction under 28 U.S.C. § 2675(a). The request for injunctive relief directed at conditions at FCI Bennettsville is **DISMISSED WITHOUT PREJUDICE AS MOOT**. The request for a declaration addressing past acts is **DISMISSED WITHOUT PREJUDICE** for lack of an independently live controversy. The Court does not reach the Report's alternative discretionary-function or South Carolina negligence grounds.

Plaintiff's motion requesting status (DE 54) is **GRANTED TO THE EXTENT STATED HEREIN**. The Clerk is DIRECTED to mail this Order and a current docket sheet to Plaintiff at his address of record and to **CLOSE THIS CASE**. A separate judgment shall issue as appropriate.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 16, 2026

**NOTICE OF RIGHT TO APPEAL**

A party seeking to appeal must file a notice of appeal with the Clerk of Court within sixty (60) days after entry of the judgment. Fed. R. App. P. 3, 4(a)(1)(B).